■ In the Matter of HARRY KATZ, Respondent, v DEPARTMENT OF HEALTH OF THE STATE OF NEW YORK, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered November 1, 1976 in Albany County, which denied a motion by respondent to dismiss petitioner's application, in a proceeding pursuant to CPLR article 78, on the ground it was untimely. In 1973 petitioner requested permission to take an examination for licensure as a general X-ray technician. By a letter dated March 19, 1973, he was informed that his request had been denied. On August 20, 1974 petitioner again requested the State Health Department to accept his qualifications for a license and the request was also denied. In 1975 a New York State Assemblyman communicated with the department seeking a review of petitioner's application. In a letter dated September 19, 1975 petitioner was informed that his application was again reviewed following the Assemblyman's inquiry and that the board recommended denial of his eligibility to take the licensure examination. Petitioner's final application was dated February 2, 1976. When this petition was denied, a formal petition for reconsideration was filed. By a letter dated March 30, 1976, petitioner was informed that no further consideration was to be given to his petition. This proceeding seeking review of the department's determination was commenced on April 30, 1976. The department moved to dismiss the proceeding on the ground that it had not been brought within the four-

month time limitation provided in CPLR 217. It was alleged that the limitation period began to run on September 19, 1975 when the petitioner was notified of the board's decision following the inquiry made by the Assemblyman. The motion was denied and this appeal ensued. Preliminarily we note that although no appeal lies as of right from this nonfinal order (CPLR 5701, subd [b]), we, in the absence of objection, hereby grant permission to appeal *sua sponte*. We thus turn to the sole issue on this appeal, that is whether the determination of the Department of Health as confirmed by its letter of September 19, 1975 constituted a final determination so as to commence the running of the four-month Statute of Limitations. Petitioner completed the steps pursuant to section 3505 of the Public Health Law to apply for licensure in 1973 and he was disqualified. Once disqualified an applicant must wait two years to reapply unless certain exceptions, not here relevant, have been met (10 NYCRR 89.16 [d]). Consequently, petitioner's application in August, 1974 could not be considered by the board and must be regarded as a nullity. The determination made following the inquiry by the Assemblyman cannot be considered final and binding since there was no application or petition as required by section 3505 of the Public Health Law. There was no formal application pursuant to subdivision 1 of section 3505 as no $20 fee was paid and no evidence, verified by oath or affirmation, concerning petitioner's qualifications was submitted. Nor was there any petition for review since such petition must be submitted within 30 days after notification of disqualification (10 NYCRR 89.16 [c]). Therefore, the determination of the board following the inquiry by the Assemblyman and communicated to petitioner on September 19, 1975 cannot, in our view, be considered binding on the petitioner nor be such a final determination as would commence the running of the Statute of Limitations. Since the application submitted in August, 1974 was a nullity, the application of February 2, 1976 was a valid formal application. Following denial of this application a petition for reconsideration was filed. The letter dated March 30, 1976, informing petitioner that no further consideration was to be given to his petition, constituted a final determination and this proceeding, commenced April 30, 1976, was instituted within the four-month Statute of Limitations. Accordingly, the order appealed from must be affirmed. Order affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.